UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROLAND G.,
     Plaintiff,

    v.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,
     Defendant.

No. 3:20-cv-1784 (SRU)

ORDER ON MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)(1)

Richard B. Grabow, counsel for the plaintiff Roland G.,[1] seeks an award of attorneys'

fees pursuant to Section 406(b)(1) of the Social Security Act, 42 U.S.C. Section 406(b)(1). *See*

Doc. No. 40. Specifically, the plaintiff seeks $21,217.77 in attorneys' fees. For the reasons set

forth below, the plaintiff's Second Supplemental Motion for Attorney Fees, doc. no. 40, is

**granted in part and denied in part**.

I.      **Background**

The plaintiff filed applications for Disability Insurance Benefits and Supplemental

Security Income on September 4, 2018.[2] *See also* Doc. No. 29 at 1 n.1. His applications were

denied on October 30, 2018, and again denied upon reconsideration on February 5, 2019. *See*

Certified Transcript of the Administrative Record, doc. no. 13, compiled on March 11, 2021,

(hereinafter "Tr.") at 91-120; *id.* at 123-54. On November 7, 2019, the plaintiff and his counsel

---

[1] Pursuant to the U.S. District of Connecticut Standing Order on Social Security Cases, the plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

[2] This Court has previously contended with a discrepancy in the dates that the plaintiff's applications were filed. *See* Doc. No. 29 at 1 n.1. As before, the precise filing date has no bearing on this court's ruling on the plaintiff's motion for attorneys' fees.

Richard Grabow attended a hearing before an Administrative Law Judge (ALJ), after which the

ALJ issued an unfavorable decision. *See id*. at 39-90; *id*. at 12-36. On October 9, 2020, the

Appeals Council denied the plaintiff's request for review of the ALJ's decision. *See id*. at 1-6.

The plaintiff timely filed an appeal to this Court on December 1, 2020 pursuant to

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). *See* Doc. No. 1. In his action, the

plaintiff sought review of a final decision of the Commissioner of Social Security (the

Commissioner) regarding his claims under Title II and Title XVI. *Id*. at 1-2.

The Commissioner filed the official transcript on March 22, 2021. *See* Doc. No. 13. On

June 3, 2021, the plaintiff filed a motion to reverse the decision of the commissioner. *See* Doc.

No. 18. On August 30, 2021, the defendant filed a consent motion to remand the matter to the

agency under sentence four of 42 U.S.C. § 405(g). *See* Doc. No. 23. On September 1, 2021, this

Court granted the defendant's consent motion to remand and entered judgment for the plaintiff.

*See* Doc. No. 24; Doc. No. 25.

On September 29, 2021, the defendant filed a stipulation for allowance of attorneys' fees

under the Equal Access to Justice Act stating that the parties jointly agreed that the "[p]laintiff

shall be awarded attorney[s'] fees in the amount of $6,001.90." *See* Doc. No. 26 at 1. On October

1, 2021, the plaintiff filed a motion for attorneys' fees seeking payment in the amount of

$6,001.90 and attaching exhibits detailing expenses. *See* Doc. No. 28; Doc. No. 28-2.

Subsequently, on October 6, 2021, this Court granted the motion for fees for the stipulated

amount of $6,001.90. *See* Doc. No. 29.

The plaintiff filed a motion for attorneys' fees on June 13, 2022 that this Court held in

abeyance until the parties received the final past-due benefits calculation. *See* Doc. No. 31; Doc.

No. 34. On November 4, 2022, the plaintiff filed a supplemental motion for attorneys' fees in the

amount of $21,792.28. *See* Doc. No. 36. Subsequently, the plaintiff filed a second supplemental

motion for an attorneys' fees in the amount of $21,217.77, and the plaintiff represented that the

second supplemental motion reflects the final calculation made by the payment branch of the

administration. *See* Doc. No. 40 at 1.

## II.      Standard of Review

Section 406(b)(1) of the Social Security Act provides, in part, that "[w]henever a court

renders a judgment favorable to a [counseled] claimant" under the Social Security Act, "the court

may determine and allow as part of its judgment a reasonable fee for such representation, not in

excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by

reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Attorneys' fee awards under Section 406(b)

are paid directly out of the plaintiff's past benefits in accordance with the terms of a contingency

agreement. *Id*; *see Walls v. Comm'r of Social Security*, 2020 WL 3026462, at *1 (D. Conn. June

5, 2020).

Section 406(b) fees must be both timely and reasonable. In determining whether a

Section 406(b) application is timely, the Second Circuit has instructed courts to apply Rule 54's

fourteen-day deadline, "but 'the fourteen-day filing period is tolled until the claimant receives

notice of the amount of any benefits award.'" *Bukilici v. Saul*, 2020 WL 2219184, at *2 (D.

Conn. May 7, 2020) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019)).

In assessing whether the requested fee is reasonable, the Second Circuit has instructed

courts to consider two factors in addition to the statutory 25-percent cap: "whether there has been

fraud or overreaching in making the agreement" and "whether the requested amount is so large

as to be a windfall to the attorney." *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 372 (2d Cir.

1990). It is the "attorney for the successful claimant" who "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).

If a counsel receives fees pursuant to both the Equal Access to Just Act (EAJA), 28 U.S.C. § 2412, and Section 406(b), counsel is to "refund[] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985); *see also Gisbrecht*, 535 U.S. at 789.

### III.     Discussion

#### A.  Timeliness

The plaintiff's Notice of Award letter was filed on November 23, 2022. *See* Doc. No. 40-1. The plaintiff's counsel filed the motion pursuant to Section 406(b) five days later, on November 28, 2022. *See* Doc. No. 40. The plaintiff's motion is therefore timely.

#### B.  Reasonableness

The plaintiff's counsel seeks an award in the amount of $21,217.77. Doc. No. 40. The amount requested is based on an identical amount withheld by the Social Security Administration from past-due benefits to pay a possible attorneys' fees request. *See* Doc. No. 40-1.

In determining whether the fee amount sought is reasonable, I will begin my analysis by determining whether the statutory cap has been exceeded and whether there has been any fraud or overreach. First, the amount of $21,217.77 is not greater than 25% of the plaintiff's past-due benefits. The fee amount requested therefore does not exceed the statutory cap. Second, neither party has reported any fraud or overreach, and I have not otherwise found any indication thereof.

The third reasonableness factor that remains to be considered is "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372. "In determining

4

whether there is a windfall . . ., courts must consider more than the de facto hourly rate." *Fields*

*v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). The Second Circuit has therefore outlined three

additional factors that should inform a court's determination of a windfall. First, "the ability and

expertise of the lawyers and whether they were particularly efficient." *Id*. at 854. Second, "the

nature and length of the professional relationship with the claimant," which "can inform a district

court's understanding of 'the overall complexity of the case, the lawyering skills necessary to

handle it effectively, the risks involved, and the significance of the result achieved in district

court.'" *Id*. at 855 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, the

court should consider "the satisfaction of the disabled claimant"; and, fourth, "how uncertain it

was that the case would result in an award of benefits and the effort it took to achieve that

result." *Id*.

After reviewing plaintiff counsel Richard Grabow's affidavit, doc. no. 31-3, and the

plaintiff's affidavit regarding time expended, doc. no. 31-4, I conclude that the plaintiff's

requested fee is slightly too high such that it risks affording the attorney a windfall. The factors

that inform my consideration are the overall complexity of the case relative to the amount

sought, as well as "how uncertain it was that the case would result in an award of benefits and

the effort it took to achieve that result." *Fields*, 24 F.4th at 855. Consent motions to remand

Social Security appeals to the agency pursuant to sentence four of 42 U.S.C. § 405(g) have been

filed before this District with notable frequency in recent months. *See, e.g.*, *Carol T. v. Saul*, Dkt.

No. 3:20-cv-1844-SRU, Doc. No. 14; *Sara C. v. Saul*, Dkt. No. 3:20-cv-01520-SRU, Doc. No.

15; *Tatita R. v. Commissioner of Social Security*, Dkt. No. 3:22-cv-00447-SRU, Doc. No. 14;

*Luis F. R. v. Saul*, Dkt. No. 3:21-cv-00037-SRU; Doc. No. 14. Thus, the frequency of similar

consent motions somewhat diminishes the risk, uncertainty, and complexity involved in representing clients in analogous matters.

Furthermore, a fee of $21,217.77 is moderately high in relation to the hours of work completed for this case, 29.25 hours. Indeed, based on the fee request of $21,217.77, the plaintiff's counsel's *de facto* hourly rate would amount to $725.39. Thus, the need for a reasonable award of attorneys' fees requires this Court to award an amount marginally lower than the plaintiff's request of $21,217.77. Accordingly, I **grant in part and deny in part** the plaintiff's motion, doc. no. 40, and I award the plaintiff **$20,000.00** in attorneys' fees under Section 406(b).

C.   Previous EAJA Award

On October 6, 2021, this Court awarded the plaintiff $6,001.90 in attorneys' fees pursuant to the Equal Access to Just Act (EAJA), 28 U.S.C. § 2412. *See* Doc. No. 29. Accordingly, because the $20,000.00 in attorneys' fees I award now exceeds the amount awarded previously, the plaintiff counsel is **ordered** to return the EAJA award to his client. *See Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [counsel] to return the lesser of either that amount or the EAJA award to his clients.").

**IV.    Conclusion**

For the foregoing reasons:

- The plaintiff's second supplemental motion for attorneys' fees, doc. no. 40, is **granted in part and denied in part**. The plaintiff's counsel is awarded **$20,000.000** in attorneys' fees;

- The plaintiff's counsel is ordered to return the EAJA award previously ordered, see doc. no. 29, to his client;

- The plaintiff's prior two motions for attorneys' fees, doc. no. 31 and doc. no. 36, are **denied as moot**; and

- The government's motion for extension of time to respond to the plaintiff's supplemental motion for attorneys' fees, doc. no. 39, is **granted *nunc pro tunc***.

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of January 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge